1  GEORGE G. WEICKHARDT (SBN 58586)
   DEVIN C. COURTEAU (SBN 197505)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   201 Spear Street, Suite 1000
3  San Francisco, CA  94105
   Telephone:    (415) 543-4800
4  Facsimile:    (415) 972-6301
   Email:        gweickhardt@rmkb.com
5
   Attorneys for Defendant
6  CHASE BANK USA, N.A.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | GRACIA P. LAPID,                    | CASE NO.  CV 08 2565 EMC
12 |         Plaintiff,                  | **CHASE BANK USA, N.A.'S ANSWER TO COMPLAINT AND COUNTERCLAIM FOR BREACH OF CONTRACT AND COMMON COUNTS**
13 | v.                                  |
14 | CHASE BANK USA, N.A.; VALENTINE & KEBARTAS, INC.; 1 THROUGH 10, |
15 |         Defendants.                 |
16 |
17 | CHASE BANK USA, N.A.,               |
18 |         Counter-claimant,           |
19 | v.                                  |
20 | GRACIA P. LAPID,                    |
21 |         Counter-defendant.          |

22

23      Defendant Chase Bank USA, N.A. ("Chase Bank"), answers the Complaint Seeking

24 Damages for Unlawful Debt Collection Practices ("Complaint") filed by plaintiff Gracia P. Lapid

25 ("Plaintiff") as follows:

26

27

28

RC1/5124825.1/DCC                                         **CHASE BANK'S ANSWER TO COMPLAINT AND COUNTERCLAIM**

## ANSWER

## I. INTRODUCTION

1. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of San Mateo County, and on that basis denies that allegation. Chase Bank admits that Plaintiff brings this lawsuit seeking damages against defendants Chase Bank and Valentine & Kebartas ("Valentine"), but denies the remaining allegations in paragraph 1 of the Complaint.

2. Chase Bank admits that California Civil Code § 1788.2(c) states: "The term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegation that Valentine is a debt collector as defined by California Civil Code § 1788.2(c), and on that basis denies that allegation. Chase Bank denies all remaining allegations in paragraph 2 of the Complaint.

3. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis denies those allegations.

4. Chase Bank admits that the California Rosenthal Fair Debt Collection Practices Act is codified at California Civil Code §§ 1788, *et seq.*, that California Civil Code § 1788.17 incorporates certain provisions of the federal Fair Debt Collection Practices Act, and that California Civil Code § 1788.17 states: "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." Chase Bank denies all remaining allegations in paragraph 4 of the Complaint.

5. Chase Bank admits the allegations in paragraph 5 of the Complaint.

## II. JURISDICTION AND VENUE

6. Chase Bank admits that this case was originally filed in the California Superior Court and that it has been removed. Chase Bank further admits that this Court has jurisdiction of Plaintiff's federal claim pursuant to 28 U.S.C. § 1331, supplemental jurisdiction of Plaintiff's State law claim pursuant to 28 U.S.C. § 1367(a), and that 15 U.S.C. § 1692k(d) confers this Court with jurisdiction to hear claims brought pursuant to 15 U.S.C. §§ 1692, *et seq*. Chase Bank denies all remaining allegations in paragraph 6 of the Complaint.

7. Chase Bank admits that venue of this matter in the United States District Court for the Northern District of California is proper. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and on that basis denies those allegations.

## III. PARTIES

8. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis denies those allegations.

9. Chase Bank admits that its principal place of business is located at 200 White Clay Center Drive, Newark, Delaware 19711, and that its amenability to service of process in this matter is determined by California law. Chase Bank denies the remaining allegations in paragraph 9 of the Complaint.

10. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies those allegations.

11. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies those allegations.

12. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff will seek to name Doe defendants when she ascertains

1  their names and identities, and on that basis denies that allegation. Chase Bank denies all
2  remaining allegations in paragraph 12 of the Complaint.

3  13. Chase Bank admits that Plaintiff uses the term "Defendants" in her Complaint.
4  Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the
5  remaining allegations in paragraph 13 of the Complaint, and on that basis denies those
6  allegations.

### IV. FACTUAL ALLEGATIONS

8  14. Chase Bank admits the allegations in paragraph 14 of the Complaint.

9  15. Chase Bank admits that Plaintiff made purchases using the credit card issued to her
10 by Chase Bank. Chase Bank is without knowledge or information sufficient to form a belief as to
11 the truth of the remaining allegations in paragraph 15 of the Complaint, and on that basis denies
12 those allegations.

13 16. Chase Bank admits that Plaintiff failed to make payment on the credit card account
14 issued to her by Chase Bank. Chase Bank is without knowledge or information sufficient to form
15 a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint, and on that
16 basis denies those allegations.

17 17. Chase Bank admits that Plaintiff has retained attorney Irving L. Berg to represent
18 her in this action. Chase Bank is without knowledge or information sufficient to form a belief as
19 to the truth of the remaining allegations in paragraph 17 of the Complaint, and on that basis
20 denies those allegations.

21 18. Chase Bank is without knowledge or information sufficient to form a belief as to
22 the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies those
23 allegations.

24 19. Chase Bank admits that Exhibit A to the Complaint is a letter, dated February 22,
25 2008, addressed to "Chase (Card Member Service), PO Box 15298, Wilmington, DE 19850-
26 5298," regarding Mr. Berg's representation of a person identified as "Cracia P Lapid." Chase
27 Bank further admits that Exhibit A fails to identify the Chase Bank credit account number of the
28 person whom Mr. Berg purports to represent. Chase Bank is without knowledge or information

1  sufficient to form a belief as to the truth of the allegation that Plaintiff's attorney sent Exhibit A to
2  Chase Bank on February 22, 2008, and on that basis denies that allegation.  Chase Bank denies all
3  remaining allegations in paragraph 19 of the Complaint.

4     20.    Chase Bank admits that Valentine was an independent contractor charged with
5  collecting a debt owed to Chase Bank by Plaintiff, and that Chase Bank provided Valentine with
6  information regarding Plaintiff's account.  Chase Bank denies all remaining allegations in
7  paragraph 20 of the Complaint.

8     21.    Chase Bank admits that Exhibit B to the Complaint is a letter, dated March 6,
9  2008, which purports to be from Valentine to Plaintiff regarding the unpaid balance on Plaintiff's
10 credit card account with Chase Bank.  Chase Bank is without knowledge or information sufficient
11 to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint, and
12 on that basis denies those allegations.

13     22.    Chase Bank admits that California Civil Code § 1788.14(c) states:  "Initiating
14 communications, other than statements of account, with the debtor with regard to the consumer
15 debt, when the debt collector has been previously notified in writing by the debtor's attorney that
16 the debtor is represented by such attorney with respect to the consumer debt and such notice
17 includes the attorney's name and address and a request by such attorney that all communications
18 regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer
19 correspondence, return telephone calls, or discuss the obligation in question. This subdivision
20 shall not apply where prior approval has been obtained from the debtor's attorney, or where the
21 communication is a response in the ordinary course of business to a debtor's inquiry."  Chase
22 Bank denies all remaining allegations in paragraph 22 of the Complaint.

23     23.    Chase Bank admits that 15 U.S.C. § 1692c(a)(2) states:  "if the debt collector
24 knows the consumer is represented by an attorney with respect to such debt and has knowledge
25 of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond
26 within a reasonable period of time to a communication from the debt collector or unless the
27 attorney consents to direct communication with the consumer."  Chase Bank denies all remaining
28 allegations in paragraph 23 of the Complaint.

## CLAIM FOR RELIEF

24. Answering paragraph 24 of the Complaint, Chase Bank incorporates by reference the admissions, allegations and denials set forth in paragraphs 1 through 23 of this Answer.

25. Chase Bank denies the allegations set forth in paragraph 25 of the Complaint.

26. Chase Bank denies the allegations set forth in paragraph 26 of the Complaint.

## V. PRAYER

27. Chase Bank denies that Plaintiff has been injured by any act or omission of Chase Bank, and denies that Plaintiff is entitled to any of the relief requested in the Prayer to the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts upon which a claim for relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Chase Bank fully complied with any and all of its duties under 15 U.S.C. §§ 1692, *et seq*. and California Civil Code Section 1788, *et seq*.

### THIRD AFFIRMATIVE DEFENSE

Chase Bank fully complied with the provisions of all statutes alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable state and federal statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Chase Bank's conduct was privileged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

At all times and places mentioned in the Complaint herein, Plaintiff failed to mitigate the amount of her damages.  The damages claimed by Plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances.  Plaintiff's failure to mitigate is a bar to her recovery under the complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the contributory and comparative negligence and fault of Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

The matters of which the Complaint complains are the acts and responsibilities of parties other than Chase Bank.

**TWELFTH AFFIRMATIVE DEFENSE**

Pursuant to Civil Code § 1788.30(d), Chase Bank has no liability for any alleged violation(s) of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq*. ("Rosenthal Act"), because it did not receive proper written notice sufficient to put it on notice of any purported violation(s), and therefore was not in a position to correct any deficiencies prior to the maintenance of this Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Pursuant to Civil Code § 1788.30(d), Chase Bank has no liability for any alleged violation(s) of the Rosenthal Act because, to the extent it was aware of any purported violation(s), it took steps to cure the purported violation(s) with respect to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Pursuant to Civil Code § 1788.30(e), Chase Bank has no liability for any alleged violation(s) of the Rosenthal Act because it can show by a preponderance of the evidence that any violations were not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation(s).

### FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), Chase Bank has no liability for any alleged violation(s) of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, because it can show by a preponderance of the evidence that any violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has materially breached the credit card contract with Chase Bank and her claims are barred by her failure to abide by the terms and conditions of those contracts.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to mandatory arbitration pursuant to the terms of its agreement with Chase Bank.

WHEREFORE, Chase Bank USA, N.A. hereby prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint;

2. That the Complaint be dismissed with prejudice;

3. That Chase Bank recover its costs and attorney's fees as provided by contract; and

4. For any other and further relief the Court deems proper.

Dated: May 27, 2008                     ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ George G. Weickhardt
GEORGE G. WEICKHARDT
Attorneys for Defendant
CHASE BANK USA, N.A.

# COUNTERCLAIM

Defendant CHASE BANK USA, N.A. ("Counter-Claimant" or "Chase Bank") counterclaims against plaintiff Gracia P. Lapid ("Counter-Defendant") as follows:

## JURISDICTION

1. This is a compulsory counterclaim to the Complaint herein. Jurisdiction is founded upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

2. Chase Bank alleges on information and belief that Counter-Defendant is an individual who resides in the County of San Mateo, State of California.

3. Counter-Claimant is a national banking association with its main office in the State of Delaware.

4. On or about August 6, 1990, Counter-Defendant applied for and was issued a Chase Manhattan Bank USA, N.A. credit card account (the "Account") which was governed by a cardmember agreement (the "Agreement"). Chase Bank is the successor in interest to Chase Manhattan Bank USA, N.A. Pursuant to the Agreement, Counter-Defendant agreed to pay Chase Bank for all purchases made by, and cash advances obtained by, Counter-Defendant through use of her Chase Bank Account; finance charges accruing on the Account; and late payment, returned payment, overlimit and annual membership fees.

5. The Agreement also contains a provision pursuant to which Counter-Defendant agreed to pay Chase Bank's collection costs, including attorneys fees, court costs and all other expenses in the event that Counter-Defendant was in default because of a failure to make payment on the Account.

6. The Agreement also contains a provision that permitted Chase Bank to amend the Agreement. The Agreement was amended to include a valid Arbitration provision which provided for arbitration of all disputes pursuant to the Agreement. The National Arbitration Forum is a permissible arbitration forum pursuant to the Arbitration provision.

7. Counter-Defendant has failed or refused to make all of the payments required under the Agreement, and there remains an unpaid balance under the Agreement in the amount of

1  $2,578.53. Wherefore, Chase Bank prays for judgment as indicated below.

## SECOND CAUSE OF ACTION – MONEY HAD AND RECEIVED

8. Chase Bank hereby incorporates as if fully set forth the allegations contained in paragraphs 1 through 7 above.

9. Within the last two years, Counter-Defendant became indebted to Chase Bank for money had and received in the amount of $2,578.53.

WHEREFORE, Chase Bank prays as follows:

1. For damages in the amount of $2,578.53 plus interest pursuant to the Agreement at the rate of 29.99% per annum from March 11, 2008 to the date a judgment is rendered for Chase Bank on this counterclaim;

2. For its costs and attorneys fees as provided for in the Agreement; and

3. For such other and further relief as the Court deems proper.

Dated: May 27, 2008                ROPERS, MAJESKI, KOHN & BENTLEY


By: /s/ George G. Weickhardt
   GEORGE G. WEICKHARDT
   Attorneys for Defendant
   CHASE BANK USA, N.A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5124825.1/DCC — - 11 - — **CHASE BANK'S ANSWER TO COMPLAINT AND COUNTERCLAIM**

| | |
|---|---|
| CASE NAME: | *Lapid v. Chase Bank USA, N.A., et al.* |
| ACTION NO.: | CV 08 2565 EMC |

### PROOF OF SERVICE

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is 201 Spear Street, Suite 1000, San Francisco, CA 94105.

3. On May 27, 2008, I served the following documents:

**CHASE BANK USA, N.A.'S ANSWER TO COMPLAINT AND COUNTERCLAIM FOR BREACH OF CONTRACT AND COMMON COUNTS**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

*Attorneys for plaintiff*
Irving L. Berg
The Berg Law Group
145 Town Center, PMB 493
Corte Madera, CA 94925
Tel: (415) 924-0742
Fax: (415) 891-8208
E-mail: irvberg@comcast.net

*Defendant Valentine & Kebartas, Inc.*
c/o Scott Sweeney
Senior Vice President of Operations
Valentine & Kebartas, Inc.
15 Union Street
Lawrence, Massachusetts 01840
Tel: (800) 731-7766
Email: Sweeney@v-k-i.net

5. I served the documents by the following means:

    a. ☒ By United States mail: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    b. ☐ By overnight delivery: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: May 27, 2008    /s/ Wendy Krog