Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIA P. LAPID, an individual, | Case No.:   3:08 - CV - 02565 WHA |
| Plaintiff, | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM** |
| v. | |
| CHASE BANK USA, N.A.; VALENTINE & KEBARTAS, INC.; DOES 1 THROUGH 10, | Date:   August 21, 2008<br>Time:   8:00 a.m.<br>Place:  Room 9, 19th Floor |
| Defendants.                        / | Judge:  Hon. William H. Alsup |

## I. INTRODUCTION

On April 3, 2008, Plaintiff filed a lawsuit in California state court for Defendants' violation of the California and federal Fair Debt Collection Practices Act.

Plaintiff alleged violations stemming from Defendants' sending a collection letter to Plaintiff after Defendants were sent notice that Plaintiff was represented by an attorney. Defendants' conduct is alleged to violate Cal. Civ. Code § 1788.14c and 15 U.S.C. § 1692c(a)(2), incorporated into California law by Cal. Civ. Code § 1788.14.  A copy of the Complaint is attached hereto as Exhibit A.

Defendant Chase removed the action to this court on May 21, 2008 (Doc #1).  Defendant Chase, on May 27, 2000, filed its Answer and alleged a counterclaim for breach of contract and common counts (Doc #7).  The counterclaim is based on a disputed debt allegedly owed by Plaintiff.

Plaintiff, by this Motion To Strike, moves to dismiss Defendant's counterclaim. As the counterclaim satisfies neither the same transaction/subject matter rule of compulsory counterclaims, nor the logical connection rule of permissive counterclaims, the court must dismiss the counterclaim. Allowance of a debt collection counterclaim has a chilling effect on the enforcement of important consumer protection laws.

## II. ISSUES PRESENTED

1. Does Defendant's state law claim arise out of the transaction which is the subject matter of Plaintiff's action, thereby being a compulsory counterclaim which would be barred if not brought herein?

   The answer is in the negative.

2. Is Defendant's state law claim logically connected to Plaintiff's consumer claim and therefore a permissive counterclaim appropriately brought herein?

   The answer is in the negative.

3. Assuming *arguendo* that Defendant's counterclaim is a permissive counterclaim, must it be stricken as contrary to the remedial purpose of the consumer protection law?

   The answer must be in the affirmative.

## III. ARGUMENT

### 1. Defendant's state court counterclaim is not compulsory.

Defendant's counterclaim is within the jurisdiction of the state court, and is not compulsory in this federal action. A counterclaim for the underlying debt is not a compulsory counterclaim which would be barred if not brought in this unfair debt collection practice case. *Davis v. Unifund CCR Partners*, 2007 U.S. Dist. LEXIS 44606 #7 (N. D. Cal. June 20, 2007).

The supplemental jurisdiction of the federal court is not properly invoked by Defendant's counterclaim. Federal courts have limited jurisdiction in civil actions. Original jurisdiction exists over Plaintiff's claims under the FDCPA. Defendant has stated:

> This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant Chase Bank pursuant to the provisions of 28 U.S.C. § 1441(b), in that the claims in this action

are alleged under the Fair Debt Collection Practices Act, 15 U.S.C.
§ 1692, *et seq.*

See Defendant's removal notice (Doc 1, p.2, ¶ 3).  Defendant does not allege an independent basis for federal jurisdiction over its counterclaim. *Taylor v. Bryant Inc.*, 215 F.Supp.2d 1305 (DS NV 2003).

### 2. Defendant's federal counterclaim is not permissive.

The counterclaim is not permissive since it does not bear a logical relationship to the unfair collection practice lawsuit, in that the evidence required to prove Plaintiff's claim is separate and distinct from the evidence required to prove Defendant's claim.

In *Leatherwood v. Universal Business Services Co.*, 115 F.R.D. 48 (W.D. N.Y. Feb. 1987), the court stated the underlying debt was not logically connected to the unfair collection practices claim.  This holding was adopted by the District Court in *Sparrow v. Mazda American*, 385 F.Supp.2d 1063 (E.D. Cal. 2005), stating:

> The [FDCPA claim] relates to the application of the FDCPA and focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by the defendants. On the other hand, [the defendant's] counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach.  The claim and counterclaim are, of course, "offshoots" of the same basic transaction, but they do not represent the same basic controversy between the parties.

See also *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997).

The law stated in almost all federal jurisdictions requires that Defendant's counterclaim be stricken.

### 3. Assuming *arguendo* that the Defendant's counterclaim is a permissive one, the district court should decline to exercise supplemental jurisdiction for strong policy reasons.

The district court, in finding exceptional circumstances, can decline to exercise jurisdiction over a permissive claim. 28 U.S.C. § 1367(c)(4).  This court should follow the reasoning of exceptional circumstances, as found in *Leatherwood*, *supra*, where the court states:

> To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this. Moreover, it would involve this Court in questions of no federal significance. Given the remedial nature of the FDCPA "and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of . . . the target of the very legislation under which" a FDCPA plaintiff states a cause of action. *Leatherwood, supra*, at 50.

Further, the 9th Circuit has held that the underlying debt is irrelevant to an FDCPA claim. *Baker v. GC Services*, 677 F.2d 775, 777 (9th Cir. 1982).

The court here must follow the clear weight of authority and strike the counterclaim.

### IV. CONCLUSION

For the reasons stated, Defendant's counterclaim is improper and should be stricken.

Respectfully submitted,

Dated: June 7, 2008                              ___/s/_____
                                                 Irving L. Berg
                                                 THE BERG LAW GROUP

                                                 ATTORNEYS FOR PLAINTIFF

**EXHIBIT A**

```
1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  145 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5  ATTORNEY FOR PLAINTIFF
```

**ENDORSED FILED**
**SAN MATEO COUNTY**

APR 0 3 2008

Clerk of the Superior Court
By   R. Montgomery
         DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

LIMITED CIVIL

| | |
|---|---|
| GRACIA P. LAPID, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A.; VALENTINE & KEBARTAS, INC.; DOES 1 THROUGH 10,<br><br>Defendants.    / | Case No.: **CLJ 471712**<br><br>**COMPLAINT SEEKING DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.  Plaintiff GRACIA P. LAPID ("Ms. Lapid") is a resident of San Mateo County. She brings this lawsuit seeking damages from Defendants CHASE BANK USA, N.A. ("Chase") and VALENTINE & KEBARTAS, INC. ("Valentine"), for their violation of the California and Federal laws regulating consumer debt collection practices.

2.  The Defendants are debt collectors as defined at Cal. Civ. Code § 1788.2(c), which provides:

    > **(c) The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.**

3.  The Defendant Valentine is also a debt collector under the federal law, 15 U.S.C. § 1692a(6).

4   The California law, known as the Rosenthal Fair Debt Collection Practices Act, is at Cal. Civ. Code § 1788, *et seq.* The California law incorporates provisions of the federal Fair

COMPLAINT SEEKING DAMAGES                           GRACIA P. LAPID V. CHASE BANK USA,
                                    1                N.A., et al.

Debt Collection Practices Act ("FDCPA"), pursuant to Cal. Civ. Code § 1788.17, which states:

> ....every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j.... of Title 15 of the United States Code [i.e., the FDCPA].

5. Plaintiff, by this action, seeks statutory damages, attorney's fees and costs.

## II. JURISDICTION AND VENUE

6. Jurisdiction in this court is conferred by 15 U.S.C. § 1692k(d).

7. Venue is proper in this county because Defendants do business in this county, and the collection communications were received in this county.

## III. PARTIES

8. Plaintiff, Gracia P. Lapid ("Ms. Lapid") is a married woman who resides with her husband in Daly City, CA.

9. Defendant Chase has a principal office at 200 White Clay Center Drive, Newark, Delaware 19711. Chase is a debt collector as defined at Cal. Civ. Code § 1788.2. Chase is amenable to service of process on an officer at its principal office.

10. Defendant Valentine has its principal office at 15 Union Street, Lawrence, Massachusetts 01840. Valentine is a debt collector as defined by 15 U.S.C. § 1692a(6), and as defined by Cal. Civ. Code § 1788.2. Defendant Valentine is served with legal process on an officer at its principal office.

11. Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOE ONE through TEN inclusive.

12. Each of the fictitiously named Doe Defendants is responsible in some manner for the wrongdoing alleged herein, and is liable for the damages recoverable by Plaintiff. Each of the Defendants was acting as agent or employee for the others. Plaintiff will seek leave of the court to name the Doe defendants when their true names and identities are ascertained.

13. Defendants Chase and Valentine are hereafter referred to collectively as "Defendants."

## IV. FACTUAL ALLEGATIONS

14. Some time ago, Plaintiff was issued a credit card by Defendant Chase. The last four digits of the account were 2672.

15. Ms. Lapid used the account for purchase of consumer goods for Plaintiff's personal and household needs.

16. Plaintiff was unable to make payment on the account because of financial setbacks.

17. Plaintiff sought legal representation to help her through this bleak financial period, and to deal with the unrelenting and stressful demands of her creditors and their collection agents. She hired attorney Irving L. Berg for legal representation.

18. Plaintiff was advised by her attorney that, once her creditors and their collection agents were advised of attorney representation, the law required that the creditors and their collection agents must leave Plaintiff alone and deal with the attorney.

19. On February 22, 2008, Plaintiff's attorney sent Defendant Chase a letter advising of his representation of Plaintiff. Exhibit A is a copy of the letter. The letter states, among other things:

> **The captioned consumer is a client of mine. All communications concerning my client's financial affairs, including the captioned debt, and any other debts you claim owed by my client shall hereafter be made to this office in writing.**

20. Some date thereafter, Defendant Chase appointed Defendant Valentine as its agent to collect the alleged debt owed to Chase. Chase transferred and turned over to Defendant Valentine Plaintiff's account, including the letter of attorney representation (Exhibit A) and notes of Defendant Chase's collection action taken against Plaintiff to collect the claim against Plaintiff.

21. On March 6, 2008, Defendant Valentine, notwithstanding the notice of attorney representation (Exhibit A), wrote Plaintiff directly, demanding payment of the account. Exhibit B is a copy of the Valentine letter.

22. Defendant Chase and its agent, Defendant Valentine, are liable for sending a

COMPLAINT SEEKING DAMAGES
3
GRACIA P. LAPID V. CHASE BANK USA, N.A., et al.

collection letter, Exhibit B, to Plaintiff after advisement of attorney representation. Defendants' conduct violates Cal. Civ. Code § 1788.14(c), which prohibits:

> (c) Initiating communications other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in questions.

23. Said conduct further violates 15 U.S.C. § 1692c(a)(2), which states a debt collector may not communicate with a consumer without the consumer's permission:

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer....

## CLAIM FOR RELIEF

24. Plaintiff incorporates by reference all of the foregoing paragraphs.

25. Defendants Chase and Valentine violate Cal. Civ. Code § 1788.14(c) and 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after receiving notice of attorney representation.

26. Defendant Valentine violates Cal. Civ. Code § 1812.701 by failing to send the required consumer notice.

## V. PRAYER

WHEREFORE, according to the remedies allowable under the California law and Federal law, as provided by Cal. Civ. Code § 1788.32:

> The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law,

Plaintiff prays for damages as follows:

A. Statutory damages of $2,000 as to Defendant Chase, pursuant to Cal. Civ. Code §§ 1788.30(b) and 15 U.S.C. § 1692k;

COMPLAINT SEEKING DAMAGES                    GRACIA P. LAPID V. CHASE BANK USA,
                            4                N.A., et al.

1  B.  Statutory damages of $2,000 as to Defendant Valentine, pursuant to Cal. Civ.
2  Code § 1788.30(b) and 15 U.S.C. § 1692k;
3  C.  Reasonable attorney's fees and costs, pursuant to Cal. Civ. Code § 1788.30 and 15
4  U.S.C. § 1692k(a)(3).

Dated: 3-31-08

Irving L. Berg
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEYS FOR PLAINTIFF

COMPLAINT SEEKING DAMAGES        5        GRACIA P. LAPID V. CHASE BANK USA, N.A., et al.

**EXHIBIT A**

*THE BERG LAW GROUP*
*ATTORNEYS AND COUNSELORS AT LAW*
*145 Town Center, PMB 493*
*Corte Madera, California 94925*
*Phone: (415) 924-0742  Fax: (415) 891-8208*
*e-mail irvberg@comcast.net*

IRVING L. BERG, ESQ.

February 22, 2008

Chase (Card Member Service)
PO Box 15298
Wilmington, DE  19850-5298

Re:   Cracia P Lapid
      Your Acct # xxxx2672
      Alleged Creditor: Chase

**Notice of Attorney Representation and
Notice of Dispute**

Dear Sir or Madam:

I am the attorney for the consumer noted above. You are advised to direct all communications to my office in connection with the collection of any debt allegedly owed by my client to your company or your client; related companies; or companies to whom the debt is assigned or sold.

Please address all inquiries to my attention <u>in writing</u>. The captioned debt is disputed. Please forward verification of the debt. In the unlikely event that the legal relationship with my client is terminated, you will be notified in writing.

Your collection practices are governed by Federal and California consumer laws. If you have any doubt as to these matters, deliver this letter to your attorney or insurance carrier. **The law prohibits you from contacting my client, my client's employer, or my client's family regarding the alleged debts.**

Further, please note that, should a legal action be brought against you in connection with your collection practices, the legal action could result in a judgment that would include actual costs of filing the complaint, actual costs of service of process, and reasonable attorney's fees.

Your co-operation is appreciated

Sincerely,

Irving L. Berg
ILB/cf

repletterCD5. rev 2/08frm

**EXHIBIT B**

P.O. BOX 5804
TROY MI 48007-5804
RETURN SERVICE REQUESTED

**Valentine & Kebartas, Inc.**
P.O. Box 325
Lawrence, MA 01842
(877) 250-7416

S-OTVAKI10  L-255  A-007247045-03-6010
P0GUOW00519652 I37316
GRACIA P LAPID
204 SAN FERNANDO WAY
DALY CITY CA 94015-2137

VALENTINE & KEBARTAS, INC.
P.O. BOX 325
LAWRENCE MA 01842-0625

03/06/08

| Account No/ No de Cuenta: 007247045-03-6010 | Total Due/ Total Debido : $ 2578.53 |
|---|---|

Client#/ No Cliente: 4226610852402672

✂ Detach Upper Portion And Return With Payment / Separe Esta Porcion Regresala Con Pago ✂

RE/ REF: CHASE BANK USA NA
CLIENT#/ NO DE CLIENTE : 4226610852402672
ACCOUNT NO/ NO DE CUENTA : 007247045-03-6010
TOTAL DUE/ TOTAL DEBIDO : $ 2578.53

Dear GRACIA P LAPID,

We have been asked to contact you to arrange a resolution of your delinquent account with CHASE BANK USA NA. According to our client's records, full payment of your account is long overdue. Use the enclosed envelope to remit payment of the outstanding balance.

Estimado Debdor Provando :

Nos an pedido que nos comuniquemos con usted acerca de los areglos para resoluionar su cuenta con CHASE BANK USA NA que esta deliquente. Los archivos de nuestro cliente dicen que pago completo esta sobrepasado por mucho tiempo. Use este sobre para remitir el pago por esta cuenta sobrepasada.

### *** IMPORTANT ***           ***IMPORTANTE***

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt. Any information will be used for that purpose. The communication is from a debt collector. Should you wish to discuss this matter, please call us at the above toll-free number.

A no ser que usted notifique esta officina dentro de los 30 dias de recivir esta noticia de su conflicto con esta cuenta o cualquier porcion de la misma, esta officina assumera que esta cuenta es validad.  Si usted notifica esta officina por escrito durante los 30 dias de recivir esta noticia, esta officina: obtenda verificacion de la deuda o obtenga una copia del Jucio y te enviara una copia el Jucio o verificacion si lo hace despues de los 30 dias de recivir esta noticia esta officina te facilitara con el nombre y direccion del creditador original si es diferente del actual creditador.  Esto es un intento de collector una deuda, y cualquier informacion sera usuda para ese proposito esta comunicacion es de parte de un collectador de deudas.  Si quieres hablar sobre este assunto, por favor de llamarnos al telefono ariba de esta pajina

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**
<u>Office Hours</u>
Monday - Thursday: 8am - 8pm
Friday: 8am - 5pm
Saturday: 8am - Noon

**POR FAVOR DE VER EL LADO ED ATRAS PARA INFORMACION IMPORTANTE**
<u>Horas de Officina</u>
Lunes a Jueves 8am - 8pm
Vienes 8am - 5pm
Sabado 8am - Mediodia

If you wish to pay by credit card, please fill out the area below and return in the enclosed envelope.

Check One:  ☐ Visa
            ☐ Mastercard

VISA    MasterCard

Card #: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

VK ACCT # :
007247045-03-6010

Expiration Date: ___/___/___
Amount of Payment: $_____

_____
Signature of Cardholder

_____
Card Holder Name

_____
Driver's License

### Western Union Payment Instructions

Western Union "Quick Collect" - Quick and Easy !
Use Blue and White form
Pay to : Valentine & Kebartas
Code City : Valentine    State: MA

For questions about how to pay your bill using Western Union - call them at 800-238-5772 or call Valentine & Kebartas directly.

**CALIFORNIA RESIDENTS:**
"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 am or after 9 pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse about your debt. Collectors may contact another person to confirm your location or enforce a judgement. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov×"