1  GEORGE G. WEICKHARDT (SBN 58586)
   ROPERS, MAJESKI, KOHN & BENTLEY
2  201 Spear Street, Suite 1000
   San Francisco, CA  94105
3  Telephone:    (415) 543-4800
   Facsimile:    (415) 972-6301
4  Email:        gweickhardt@rmkb.com

5  Attorneys for Defendants
   CHASE BANK USA, N.A. and
6  VALENTINE & KEBARTAS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 GRACIA P. LAPID,                          CASE NO.  08 CV 02565 WHA

12              Plaintiff,                    **DEFENDANT VALENTINE &
                                             KEBARTAS, INC.'S ANSWER TO
13 v.                                         COMPLAINT**

14 CHASE BANK USA, N.A.; VALENTINE
   & KEBARTAS, INC.; 1 THROUGH 10,
15
                Defendants.
16

17 CHASE BANK USA, N.A.,

18              Counter-claimant,

19 v.

20 GRACIA P. LAPID,

21              Counter-defendant.

22

23         Defendant VALENTINE & KEBARTAS, INC. ("VKI"), answers the Complaint Seeking

24 Damages for Unlawful Debt Collection Practices ("Complaint") filed by plaintiff Gracia P. Lapid

25 ("Plaintiff") as follows:

26         1.      VKI is without knowledge or information sufficient to form a belief as to the truth

27 of the allegation that Plaintiff is a resident of San Mateo County, and on that basis denies that

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

**DEFENDANT VALENTINE & KEBARTAS,
INC.'S ANSWER TO COMPLAINT**

1  allegation.  VKI admits that plaintiff brings this lawsuit seeking damages against defendants

2  Chase Bank USA, N.A. and VKI.  VKI denies the remaining allegations contained in paragraph

3  1.

4      2.    VKI admits that California Civil Code § 1788.2(c) states:  "The term 'debt

5  collector' means any person who, in the ordinary course of business, regularly, on behalf of

6  himself or herself or others, engages in debt collection."  VKI is without knowledge or

7  information sufficient to form a belief as to whether Chase is a debt collector as defined in

8  California Civil Code § 1788.2(c).  VKI admits that it is a debt collector as defined in §

9  1788.2(c).  All other allegations contained in paragraph 2 are denied.

10      3.    Admitted.

11      4.    VKI admits that the California Rosenthal Fair Debt Collection Practices Act is

12  codified at California Civil Code §§ 1788, *et seq*., that California Civil Code § 1788.17

13  incorporates certain provisions of the federal Fair Debt Collection Practices Act, and that

14  California Civil Code § 1788.17 states:

15          Notwithstanding any other provision of this title, every debt
16          collector collecting or attempting to collect a consumer debt shall
           comply with the provisions of Sections 1692b to 1692j, inclusive,
17          of, and shall be subject to the remedies in Section 1692k of, Title 15
           of the United States Code.  However, subsection (11) of Section
18          1692e and Section 1692g shall not apply to any person specified in
           paragraphs (A) and (B) of subsection (6) of Section 1692a of Title
19          15 of the United States Code or that person's principal.  The
           references to federal codes in this section refer to those codes as
20          they read January 1, 2001.

21  VKI denies all remaining allegations in paragraph 4 of the Complaint.

       5.    Admitted.
22
       6.    Denied.  VKI states that this case was originally filed in the California Superior
23
24  Court for the County of San Mateo, and that it has been removed to the U.S. District Court,

25  Northern District of California.  VKI further states that this Court has jurisdiction of plaintiff's

   federal claim pursuant to 28 U.S.C. § 1331, supplemental jurisdiction of Plaintiff's state law
26
27  claim pursuant to 28 U.S.C. § 1367(a), and that 15 U.S.C. § 1692k(d) confers this Court with

28

**DEFENDANT VALENTINE & KEBARTAS,**
**INC.'S ANSWER TO COMPLAINT**

Rop ers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  jurisdiction to hear claims brought pursuant to 15 U.S.C. §§ 1692, *et seq*.  All other remaining

2  allegations contained in paragraph 6 are denied.

3        7.      Denied.  VKI states that venue of this matter in the United States District Court for

4  the Northern District of California is proper.  VKI is without knowledge or information sufficient

5  to form a belief as to the truth of the remaining allegations in paragraph 7, and on that basis, each

6  and every other allegation contained in paragraph 7 are denied.

7        8.      VKI is without knowledge or information sufficient to form a belief as to the truth

8  of the allegations in paragraph 8, and on that basis, denies each and every allegation contained in

9  paragraph 8.

10       9.      VKI is without knowledge or information sufficient to form a belief as to the truth

11  of the allegations in paragraph 9, and on that basis, denies each and every allegation contained in

12  paragraph 9.

13       10.     VKI admits that its principal place of business is located at 15 Union Street,

14  Lawrence, Massachusetts 01840.  VKI further admits that it is a debt collector as defined by 15

15  U.S.C. § 1692a(6) and California Civil Code § 1788.2.  VKI states that it is amenable to service

16  of process as determined by the Laws of the United States.  VKI denies any and all remaining

17  allegations contained in paragraph 10.

18       11.     VKI is without knowledge or information sufficient to form a belief as to the truth

19  of the allegations in paragraph 11, and on that basis, denies each and every allegation contained in

20  paragraph 11.

21       12.     VKI is without knowledge or information sufficient to form a belief as to the truth

22  of the allegation that plaintiff will seek to name doe defendants when she ascertains their names

23  and identities, and on that basis denies that allegation.  VKI denies all remaining allegations in

24  paragraph 12.

25       13.     VKI admits that plaintiff uses the term "Defendants" in her complaint.  VKI is

26  without knowledge or information sufficient to form a belief as to the truth of the remaining

27  allegations in paragraph 13, and on that basis, denies each and every other allegation contained in

28  paragraph 13.

Rop ers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5145891.1/WK1                        - 3 -           **DEFENDANT VALENTINE & KEBARTAS,
                                                          INC.'S ANSWER TO COMPLAINT**

14.     VKI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis, denies each and every allegation contained in paragraph 14.

15.     VKI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis, denies each and every allegation contained in paragraph 15.

16.     VKI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis, denies each and every allegation contained in paragraph 16.

17.     VKI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and on that basis, denies each and every allegation contained in paragraph 17.

18.     VKI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis, denies each and every allegation contained in paragraph 18.

19.     VKI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis, denies each and every allegation contained in paragraph 19.

20.     VKI admits that it was an independent contractor charged with collecting a debt owed to Chase by plaintiff, and that Chase provided VKI with information regarding plaintiff's account.  VKI denies all remaining allegations in paragraph 20.

21.     VKI admits that Exhibit B to the complaint is a letter, dated March 6, 2008, from VKI to plaintiff regarding the unpaid balance on plaintiff's credit card account with Chase.  VKI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and on that basis, denies each and every other allegation contained in paragraph 21.

22.     VKI admits that California Civil Code § 1788.14(c) states:

Initiating communications, other than statements of account, with

Rop ers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

- 4 -
**DEFENDANT VALENTINE & KEBARTAS, INC.'S ANSWER TO COMPLAINT**

Rop ers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

the debtor with regard to the consumer debt, when the debt
collector has been previously notified in writing by the debtor's
attorney that the debtor is represented by such attorney with respect
to the consumer debt and such notice includes the attorney's name
and address and a request by such attorney that all communications
regarding the consumer debt be addressed to such attorney, unless
the attorney fails to answer correspondence, return telephone calls,
or discuss the obligation in question. This subdivision shall not
apply where prior approval has been obtained from the debtor's
attorney, or where the communication is a response in the ordinary
course of business to a debtor's inquiry.

VKI denies each and every remaining allegation in paragraph 22.

23.     VKI admits that 15 U.S.C. § 1692c(a)(2) states:

[I]f the debt collector knows the consumer is represented by an
attorney with respect to such debt and has knowledge of, or can
readily ascertain, such attorney's name and address, unless the
attorney fails to respond within a reasonable period of time to a
communication from the debt collector or unless the attorney
consents to direct communication with the consumer.

VKI denies each and every remaining allegation in paragraph 23.

24.     Answering paragraph 24 of the complaint, VKI incorporates by reference the

admissions, allegations and denials set forth in paragraphs 1 through 23 of this answer.

25.     Denied.

26.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state facts upon which a claim for relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

VKI fully complied with any and all of its duties under 15 U.S.C. §§ 1692, *et seq.* and

California Civil Code Section 1788, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

VKI fully complied with the provisions of all statutes alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

The complaint is barred by the applicable statute of limitations.

Rop ers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  **FIFTH AFFIRMATIVE DEFENSE**

2  VKI's conduct was privileged.

3  **SIXTH AFFIRMATIVE DEFENSE**

4  The complaint is barred by waiver.

5  **SEVENTH AFFIRMATIVE DEFENSE**

6  The complaint is barred by estoppel.

7  **EIGHTH AFFIRMATIVE DEFENSE**

8  The complaint is barred by the doctrine of unclean hands.

9  **NINTH AFFIRMATIVE DEFENSE**

10  At all times and places mentioned in the complaint herein, plaintiff failed to mitigate the

11  amount of her damages.  The damages claimed by plaintiff could have been mitigated by due

12  diligence on her part or by one acting under similar circumstances.  Plaintiff's failure to mitigate

13  is a bar to her recovery under the complaint.

14  **TENTH AFFIRMATIVE DEFENSE**

15  Plaintiff's claims are barred in whole or in part by the contributory and comparative

16  negligence and fault of plaintiff.

17  **ELEVENTH AFFIRMATIVE DEFENSE**

18  The matters of which the complaint complains are the acts and responsibilities of parties

19  other than VKI.

20  **TWELFTH AFFIRMATIVE DEFENSE**

21  Pursuant to Civil Code § 1788.30(d), VKI has no liability for any alleged violation(s) of

22  the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq*.

23  ("Rosenthal Act"), because it did not receive proper written notice sufficient to put it on notice of

24  any purported violation(s), and therefore was not in a position to correct any deficiencies prior to

25  the maintenance of this complaint.

26

27

28

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2     Pursuant to Civil Code § 1788.30(d), VKI has no liability for any alleged violation(s) of

3     the Rosenthal Act because, to the extent it was aware of any purported violation(s), it took steps

4     to cure the purported violation(s) with respect to plaintiff.

5

### FOURTEENTH AFFIRMATIVE DEFENSE

6     Pursuant to Civil Code § 1788.30(e), VKI has no liability for any alleged violation(s) of

7     the Rosenthal Act because it can show by a preponderance of the evidence that any violations

8     were not intentional and resulted notwithstanding the maintenance of procedures reasonably

9     adapted to avoid any such violation(s).

10

### FIFTEENTH AFFIRMATIVE DEFENSE

11     Pursuant to 15 U.S.C. § 1692k(c), VKI has no liability for any alleged violation(s) of the

12     federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*., because it can show by a

13     preponderance of the evidence that any violations were not intentional and resulted from a bona

14     fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such

15     errors.

16

17     WHEREFORE, VALENTINE & KEBARTAS, INC. hereby prays for judgment as

18     follows:

19     1.     That plaintiff take nothing by her complaint;

20     2.     That the complaint be dismissed with prejudice;

21     3.     That VKI recover its costs and attorney's fees; and

22     4.     For any other and further relief the Court deems proper.

23

24

25

26

27

28

Rop ers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

**DEFENDANT VALENTINE & KEBARTAS,
INC.'S ANSWER TO COMPLAINT**

1    Dated: July 8, 2008                          ROPERS, MAJESKI, KOHN & BENTLEY

2

3                                                 By:/s/ George G. Weickhardt
                                                     GEORGE G. WEICKHARDT
4                                                    Attorneys for Defendant
                                                     CHASE BANK USA, N.A.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rop ers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5145891.1/WK1                 - 8 -         DEFENDANT VALENTINE & KEBARTAS,
                                                INC.'S ANSWER TO COMPLAINT

1   **CASE NAME:**         *Lapid v. Chase Bank USA, N.A., et al.*

2   **ACTION NO.:**        **CV 08 2565 EMC**

3                          **PROOF OF SERVICE**

4   1. At the time of service I was over 18 years of age and not a party to this action.

5   2. My business address is 201 Spear Street, Suite 1000, San Francisco, CA 94105.

6   3. On July 8, 2008, I served the following documents:

7   **DEFENDANT VALENTINE & KEBARTAS, INC.'S ANSWER TO COMPLAINT**

8   4. I served the documents on the persons at the address below (along with their fax numbers
    and/or email addresses if service was by fax or email):

9   *Attorneys for plaintiff*
10  Irving L. Berg
    The Berg Law Group
11  145 Town Center, PMB 493
    Corte Madera, CA 94925
12  Tel: (415) 924-0742
    Fax: (415) 891-8208
13  E-mail: irvberg@comcast.net

14  5. I served the documents by the following means:

15      a. ☒ By CM/ECF electronic delivery in accordance with the registered case participants
    and in accordance with the procedures set forth in the Court's website at
16  www.ecf.cand.uscourts.gov.

17      b. ☐ By United States mail: I enclosed the documents in a sealed envelope or package
    addressed to the persons at the addresses specified in item 4 and placed the envelope for
18  collection and mailing, following our ordinary business practices. I am readily familiar with this
    business's practice for collecting and processing correspondence for mailing. On the same day
19  that correspondence is placed for collection and mailing, it is deposited in the ordinary course of
    business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

20
        c. ☐ By overnight delivery: I enclosed the documents in an envelope or package
21  provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4.
    I placed the envelope or package for collection and overnight delivery at an office or a regularly
22  utilized drop box of the overnight delivery carrier.

23      I declare under penalty of perjury under the laws of the United States that the foregoing is
    true and correct.

24
25  Date: __July 8, 2008_____          __/s/ Tyler Muntean_____

26

27

28

Rop ers Majeski Kohn & Bentley
A Professional Corporation
San Francisco